**Roy L. POWER et al., Appellants,**

v.

**August G. FAREK, Appellee.**

**No. 4590.**

Court of Civil Appeals of Texas.

Waco.

Dec. 29, 1966.

Rehearing Denied Jan. 19, 1967.

Dunnam & Dunnam, Waco, for appellants.

McLaughlin, Clark, Fisher, Gorin & McDonald, Charles M. McDonald, Waco, for appellee.

OPINION

McDONALD, Chief Judge.

This is an appeal by defendants Power, Colley and The Scotchman, Inc., from a temporary injunction enjoining them from excluding plaintiff Farek from management and operation of The Scotchman Liquor Store, and from selling or encumbering the stock, leases, fixtures or other property of The Scotchman, Inc.

Plaintiff Farek, for some seven years, has been Manager of The Scotchman. Defendants Power and Colley are owners of the stock of The Scotchman, Inc. Plaintiff filed this suit for an accounting to wind up the business, alleging he owned a ⅓ interest in the properties of the business, as well as notes owed him by the business. Plaintiff alleged that on September 15, 1966 he was delivered a letter by defendants terminating his position as Manager, as of October 1, 1966, and that he should be permitted to continue his participation in the business until the properties are equitably partitioned. Plaintiff prayed for an accounting and for temporary injunction enjoining the defendants from excluding him from management and operation of the liquor store and from selling, transferring or encumbering the stock, leases, real estate, fixtures or other property of the business. Defendants alleged that plaintiff's contract had been terminated and a new Manager employed, and that plaintiff had an adequate remedy at law for moneys due him.

The trial court, after hearing, granted temporary injunction, enjoining defendants from interfering with "the management and operation of the package liquor store and business known as The Scotchman as the same existed prior to October 1, 1966", and further enjoined defendants from "selling, transferring or encumbering in any manner any of the corporate stock of The Scotchman, Inc., or any of the lands, real estate, fixtures or buildings (except merchandise sold in course of business)."

Defendants appeal on three points, contending the temporary injunction was abuse of discretion by the trial court because under the undisputed facts any rights of plaintiff were settled by the terms of a valid contract.

The record reflects defendant The Scotchman, Inc. (owned by defendants Power and Colley) entered into a contract in June, 1963 whereby plaintiff would operate and manage the liquor store owned by The Scotchman, Inc. for a salary of $500 per month, and for ⅓ interest in the stock of merchandise and fixtures. Such contract provided:

"This contract may be terminated by either party within 15 days from the date of written notice that either party desires to terminate said agreement. In the event said contract is terminated by either party, then and in that event, a complete inventory and audit will be conducted to determine the interest owned by the party of the second part under the provisions of their agreement, and the party of the first part agrees to tender said amount to the party of the second part at the expiration of said 15 days."

Plaintiff does not attack the validity of the contract, and admits the letter of termination of employment was received on September 15, 1966, and that he continued to manage the store until October 1. Plaintiff and defendants each made inventory and compromised the differences in the two inventories. Defendants tendered plaintiff a check for what they asserted was ⅓ of the assets, which plaintiff refused to accept, contending his ⅓ to be considerably more than asserted by defendants.

Plaintiff filed this suit for accounting and temporary injunction. The trial court granted temporary injunction as noted.

Here, the rights of the plaintiff's employment as Manager were fixed by the contract, and were terminated in accordance with the contract. We think the trial court's action in enjoining defendants from excluding plaintiff from management and operation of the liquor store exceeded his authority and was error.

The judgment is modified dissolving the temporary injunction insofar as it enjoins defendants from excluding plaintiff from management and operation of the liquor store; and is in all other respects affirmed.

Costs of appeal are assessed one-half each against plaintiff and defendants.

Modified and affirmed.